**WEEKS MARINE, INC., Petitioner,**

v.

**Alfred J. BRISKIE and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 04–5426.

United States Court of Appeals, Second Circuit.

Jan. 18, 2006.

Christopher J. Field, Field Womack & Kawczynski, South Amboy, NJ, for Petitioner.

Robert E. Grey and Daniel A. Dutton, Grey & Grey, LLP, Farmingdale, NY, for Alfred J. Briskie.

Richard A. Seid, Senior Attorney (Howard M. Radzely, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Mark A. Reinhalter, Counsel for Longshore, on the brief), United States Department of Labor, Office of the Solicitor, Washington, DC, for Director, Office of Workers' Compensation Programs, United States Department of Labor.

Present: José A. CABRANES, Robert D. SACK, Circuit Judges and Carol B.

180

AMON, District Judge.*

## SUMMARY ORDER

**UPON CONSIDERATION WHERE-OF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and it hereby is **DENIED.**

Petitioner Weeks Marine, Inc. ("Weeks Marine") petitions this Court for review of an August 25, 2004 order of the Benefits Review Board ("Board") reversing a forfeiture order issued against respondent Alfred J. Briskie ("Briskie") under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901 *et seq.* We assume the parties' familiarity with the underlying facts and procedural history of this case.

On March 3, 2005, the Director of the Office of Workers' Compensation Programs at the United States Department of Labor ("Director"), who is also a respondent in this case, filed a motion to dismiss the petition for review on the grounds that our Court lacks jurisdiction to review the petition in its current posture. Specifically, the Director maintains that the Board failed to issue its decision within one year

of the "filing" of Briskie's appeal to the Board, as is required by the Consolidated Appropriations Act of 2004 ("Appropriations Act of 2004"), Pub.L. No. 108–199, 118 Stat. 3.[1] The Board issued its decision on August 25, 2004 (one day before the one-year anniversary of the Board's receipt of Briskie's notice of appeal), rather than by August 18, 2004 (the one-year anniversary of the *effective* "date of filing" provided for under 20 C.F.R. § 802.207(b)).[2] The Director maintains that, pursuant to the Appropriations Act of 2004, the July 23, 2003 decision of ALJ Romano in favor of Weeks Marine was automatically affirmed as of August 18, 2004, and, consequently, the August 25, 2004 decision of the Board reversing the ALJ is a nullity. As a result, the Director argues, the Board's decision is not appealable and Weeks Marine lacks standing to challenge the ALJ's decision issued in its favor.

■ However, even assuming that the date for the "filing of the appeal" referenced in the Appropriations Act of 2004 is synonymous with the "date of filing" of a notice of appeal under 20 C.F.R.

---

* The Honorable Carol B. Amon, United States District Judge for the Eastern District of New York, sitting by designation.

1. The Act of 2004 provides in relevant part that a

   decision pending a review by the Benefits Review Board for more than 1 year shall be considered affirmed by the Benefits Review Board *on the 1-year anniversary of the filing of the appeal,* and shall be considered the final order of the Board for purposes of obtaining a review in the United States courts of appeals....

   Pub.L. 180–199, 118 Stat. at 234 (emphasis added).

2. 20 C.F.R. § 702.285 provides in relevant part:

   (a) Date of receipt.

(1) Except as otherwise provided in this section, a notice of appeal is considered to have been filed only *as of the date it is received* in the office of the Clerk of the Board.

. . . .

(b) Date of mailing. If the notice of appeal is sent by mail and the fixing of the date of delivery as the date of filing would result in a loss or impairment of appeal rights, it will be considered to have been filed *as of the date of mailing.*

20 C.F.R. § 702.285 (emphases added). In this case, the date of mailing referenced in § 702.285(b) served as the operative date for the filing of Briskie's appeal to the Board because his appeal would otherwise have been untimely under 33 U.S.C. § 921(a) were the date of filing calculated as the date of receipt under § 702.285(a).

§ 802.207(b), the facts presented here demonstrate that Briskie, as well as Weeks Marine, justifiably relied on the Board's mistaken conclusion that the date of "filing" was August 26, 2003, the date the Board *received* Briskie's notice of appeal, rather than August 18, 2003, the date Briskie *mailed* his notice of appeal to the Board. *See Briskie v. Weeks Marine, Inc.,* No. 03–0796, Decision & Order, at 4 n. 4 (BRB Aug. 25, 2004) (stating that "the Board is required to issue its decision within one year of the date [that] claimant's appeal was filed on August 26, 2003"). We conclude that Briskie should not be required to bear the harsh consequences of the Board's apparent error under these circumstances. The filing date established by § 802.207(b) is designed to preserve an aggrieved party's right to appeal an ALJ's decision to the Board when the appeal would otherwise be untimely; it should not in turn operate to deprive that party of any effective remedy before this Court, at least where all of the relevant parties operated on the assumption that the Board's

decision was indeed appealable.[3] Accordingly, we deny the motion of the Director (joined by Weeks Marine) to dismiss the petition for review.

■ With respect to the merits of the issues presented, we reject Weeks Marine's contention that the Board erred in deferring to the Director's interpretation of the operative statutory phrase— specifically, a "disabled employee" under 33 U.S.C. § 908(j)(1)—as "an employee to whom [an employer] is paying compensation," *see* 20 C.F.R. § 702.285. To the extent that the statute does not clearly define the precise outer limits of what constitutes a "disabled employee,"[4] the agency's regulation construes that term—and thus fills the "implicit" gap left by Congress—in a manner that is both "reasonable and permissible." *See Coke v. Long Island Care at Home, Ltd.,* 376 F.3d 118, 126 (2d Cir.2004); *see also Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 844, 104

---

**3.** Moreover, even if we were to dismiss the current petition for review, because Briskie justifiably relied on the Board's error and Weeks Marine failed to object to the timeliness of the Board's decision—indeed, appealing the Board's decision as if it were the final agency order—we would toll Briskie's time to file a valid petition for review challenging the ALJ's decision as the final agency order. We decline to adopt this approach, however, inasmuch as it would unduly delay the resolution of the issues squarely presented here and deprive our Court of the full benefit of the agency's considered deliberations, as reflected in the already-issued decision of the Benefits Review Board.

**4.** We conclude that the plain language of 33 U.S.C. §§ 908(j)(1) and 902(10) does not conclusively support either the broad construction of "disabled employee" offered by Weeks Marine, defining a "disabled employee" as any employee who suffers an "injury" or files a claim under the LHWCA, or the more limited construction offered by the Director, defin-

ing a "disabled employee" only as those employees who are actually receiving disability compensation benefits at the time they receive a request for earnings information under 33 U.S.C. §§ 908(j)(1). Indeed, the Director's brief appears to be inconsistent on this very issue. *Compare* Br. for the Fed. Resp't at 33 ("[A] 'disabled employee' is an individual engaged in maritime employment whose wage-earning capacity is adversely affected (presumed or proven) by an injury and who is therefore *entitled* to compensation.") (emphasis added), *with id.* at 34 ("[T]he 'disabled employee' referenced in § 908(j) is an employee who *receives* compensation for his lost wage-earning capacity pursuant to the applicable § 908 payment provision.") (emphasis added). *See also id.* at 43 (acknowledging "that the bare phrase, without more, may be uninstructive as to its scope."); *Briskie,* No. 03–0796, Decision & Order, at 8 n. 8 (stating that "the term standing alone is susceptible to the interpretation given it by the administrative law judge, as well as to other interpretations").

S.Ct. 2778, 81 L.Ed.2d 694 (1984) (stating that where "the legislative delegation to an agency on a particular question is implicit rather than explicit .... a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency"). We therefore defer to the agency's interpretation of the statutory scheme it is charged with administering. *See Chevron,* 467 U.S. at 844, 104 S.Ct. 2778.

Based on our independent assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude that Weeks Marine has failed to demonstrate either (1) that the Board erred in concluding that Briskie was not a "disabled employee" subject to the reporting requirements and forfeiture penalties outlined in 33 U.S.C. § 908(j), or (2) that the Board erred in considering the merits of Briskie's challenge to the February 11, 2002 forfeiture order of ALJ Brown, as well as the July 23, 2003 decision of ALJ Romano. We therefore deny the petition for review.

\* \* \* \* \* \*

We have carefully considered all of the arguments of Weeks Marine and find each of them to be without merit. Accordingly, for substantially the reasons stated by the Benefits Review Board, the petition for review is **DENIED**, as a result of which the August 25, 2004 Decision and Order of the Benefits Review Board awarding Briskie permanent partial disability benefits is affirmed. Moreover, for the reasons stated above, the motion to dismiss of the Director and Weeks Marine is **DENIED**.